UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
THE TRAVELERS INDEMNITY COMPANY OF AMERICA,

                             Plaintiff,

-against-

STARR INDEMNITY AND LIABILITY COMPANY,

                             Defendant.
------------------------------------------------------------------X

Civil Action No.: 22-5784

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiff, THE TRAVELERS INDEMNITY COMPANY OF AMERICA ("Travelers"), as and for its Complaint for Declaratory Judgment against Defendant, STARR INDEMNITY AND LIABILITY COMPANY ("Starr"), alleges as follows:

### Nature of the Action

1. In this action, Travelers seeks a declaration that Starr has a primary and non-contributory duty to defend and to indemnify GGP Staten Island Mall, LLC ("GGP"), Brookfield Property Partners LP ("Brookfield"), and Aurora Contractors, Inc. ("Aurora"), in connection with an underlying personal injury action (the "Underlying Action") filed by Gregory Gentile (the "Claimant"). In the Underlying Action, Claimant seeks damages for injuries he allegedly sustained by slipping and falling at 2655 Richmond Avenue, Staten Island, New York (the "Premises"), where a construction project (the "Project") was ongoing, in which Travelers is defending GGP, Brookfield and Aurora. Travelers seeks coverage for GGP, Brookfield and Aurora as additional insureds under a commercial general liability policy that Starr issued to Restani Construction Corporation ("Restani"), a subcontractor at the Project, and Starr's

reimbursement of past defense costs incurred by Travelers.

## Parties

2. At all times relevant hereto, Travelers was and is a Connecticut corporation licensed and authorized to write insurance and conduct business in the State of New York with a principal place of business in Hartford, Connecticut.

3. Upon information and belief, at all times relevant hereto, Starr was and is a Texas corporation with a principal place of business in New York, New York.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction due to diversity of citizenship and amounts in controversy in excess of $75,000, exclusive of interests and costs, pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 2201.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) in that a substantial part of the events giving rise to this claim occurred here.

6. An actual justiciable controversy exists between the parties as to the coverage afforded under the insurance policy issued by Defendant Starr.

7. Plaintiff Travelers has no adequate remedy at law.

## Insurance Policies

8. Travelers issued a policy providing Commercial General Liability coverage to Aurora bearing policy number DT1N-CO-963K6095-IND-15 for the policy period of 09/19/15 to 09/19/16 (the "Travelers Policy").

9. GGP and Brookfield are additional insureds under the Travelers Policy.

10. The Travelers Policy generally provides, among other things, coverage for bodily injury that takes place during the policy period and is caused by an accident.

11. The applicable "other insurance" provision of the Travelers Policy provides as follows:

> **4. Other Insurance**
> **a. Primary Insurance**
> This insurance is primary except when **b.** below applies…
> **b. Excess Insurance**
> This insurance is excess over any of the other insurance, whether primary, excess, contingent or on any other basis, that is available to the insured when the insured is added as an additional insured under any other policy, including any umbrella or excess policy.

12. Defendant Starr issued a policy providing commercial general liability coverage to Restani bearing policy number 1000025359161 for the policy period of 03/1/16 to 03/1/17 (the "Starr Policy").

13. The Starr Policy generally provides, among other things, coverage for bodily injury that takes place during the policy period and is caused by an accident.

14. The Starr Policy contains an ADDITIONAL INSURED – OWNERS, LESSEES OR CONTRACTORS – SCHEDULED PERSON OR ORGANIZATION endorsement (form CG 20 10 04 13), which provides in relevant part:

> This endorsement modifies insurance provided under the following:
>
> COMMERCIAL GENERAL LIABILITY COVERAGE PART
> …
> **A. Section II – Who Is An Insured** is amended to include as an insured the person(s) or organization(s) shown in the Schedule, but only with respect to "bodily injury", "property damage" or "personal and advertising injury" caused, in whole or in part, by:
>
> 1. Your acts or omissions; or
>
> 2. The acts or omissions of those acting on your behalf;
>
> in the performance of your ongoing operations for the additional insured(s) at the location(s) designated above…

## Background Facts

15. On September 18, 2016, GGP and Brookfield, GGP's successor entity, were owners of the Premises.

16. On September 18, 2016, Aurora was the construction manager for the Project at the Premises.

17. By way of subcontract dated August 22, 2015 (the "Restani Subcontract"), Aurora hired Restani to perform site grading work at the Project. A true and accurate copy of the Subcontract is attached hereto as Exhibit A.

18. The Restani Subcontract provides, in pertinent part:

> **§ 13.4.** The Subcontractor shall cause the commercial liability coverage required by the Subcontract Documents to include: (1) the Contractor, the Owner, the Architect and the Architect's consultants as additional insureds for claims caused in whole or in part by the Subcontractor's negligent acts or omissions during the Subcontractor's operations…

19. The Restani Subcontract further provides, in pertinent part:

### Rider D
### Insurance Requirements for NY

> 1) **Commercial General Liability…**
>
> c) …Coverage for the additional insureds shall apply as primary and noncontributing insurance before any other insurance or self-insurance, including any deductible, maintained by, or provided to the additional insureds…
>
> 3) **Commercial Umbrella**…
>
> b) Umbrella coverage must include as insureds all entities that are additional insureds on the CGL.
>
> c) Umbrella coverage for such additional insureds shall apply as primary and non-contributing insurance before any other insurance or self-insurance, including any deductible, maintained by, or provided to, the additional insured other than the CGL…maintained by the Subcontractor.

20. On September 18, 2016, the Claimant alleges he was injured when he slipped and fell in the parking lot at the Premises (the "Accident").

21. The Claimant filed the Underlying Action on August 7, 2019, against GGP, Brookfield, Aurora and others seeking damages for the injuries he allegedly sustained as a result of the Accident. A true and accurate copy of the Complaint filed in the Underlying Action is attached hereto as Exhibit B.

22. In the Underlying Action, the Claimant alleges the Accident was caused by the defendants' and their servants, agents, employees and/or licensees in the ownership, operation, management, maintenance and control of the Premises.

23. In the Underlying Action, Aurora brought a third-party complaint against Restani. A true and accurate copy of the third-party complaint is attached hereto as Exhibit C.

**Tender to Starr**

24. By correspondence dated June 10, 2020, Travelers timely placed Starr on notice of the Accident and the Underlying Action, and demanded that Starr acknowledge its obligation to defend and indemnify GGP, Brookfield and Aurora on a primary and non-contributory basis in the Underlying Action.

25. By correspondence dated July 13, 2020, Starr declined to defend and indemnify GGP, Brookfield, and Aurora in the Underlying Action.

26. To date, Starr has failed and refused to accept the defense and indemnification of GGP, Brookfield and Aurora in the Underlying Action.

**Claim for Declaratory Relief**

27. Plaintiff Travelers realleges the allegations contained in paragraph "1" through paragraph "26" as if fully set forth herein.

28. GGP, Brookfield and Aurora qualify as additional insureds under the Starr Policy.

29. Coverage provided to GGP, Brookfield and Aurora by the Starr Policy with respect to the Underlying Action is primary to that provided by the Travelers Policy.

30. Accordingly, Travelers seeks a declaration that Starr has an obligation to defend and indemnify GGP, Brookfield and Aurora as additional insureds in the Underlying Action and that coverage provided to GGP, Brookfield and Aurora by the Starr Policy for the Underlying Action is primary.

31. In addition, Travelers seeks an award at law and in equity against Starr for recovery of all sums Travelers has incurred and continues to incur in the defense of GGP, Brookfield and Aurora in the Underlying Action because the coverage provided by the Starr Policy is primary to any coverage provided by Travelers.

## **Prayer for Relief**

Wherefore, Plaintiff Travelers respectfully requests that the Court enter a judgment as follows:

1. Declaring that the Starr Policy was in full force and effect on the date of the alleged accident.

2. Declaring that all terms and conditions of the Starr Policy have been complied with and met.

3. Declaring that the alleged accident and the Underlying Action fall within the coverage afforded by the Starr Policy.

4. Declaring that Defendant Starr owes a duty to defend GGP, Brookfield and Aurora in connection with the Underlying Action.

5. Declaring that Defendant Starr owes a duty to indemnify GGP, Brookfield and Aurora in

connection with the Underlying action.

6. Declaring that Defendant Starr's coverage obligations to GGP, Brookfield and Aurora in connection with the Underlying Action are primary.

7. Declaring that Plaintiff Travelers' coverage obligations under the Travelers Policy are excess to those of Starr with respect to the Underlying Action.

8. Declaring that an actual controversy exists between Plaintiff Travelers and Defendant Starr with respect to Starr's duty to defend and indemnify GGP, Brookfield and Aurora in connection with the Underlying Action.

9. Granting an award in favor of Plaintiff Travelers against Defendant Starr for all sums Travelers has paid and is continuing to pay in defending GGP, Brookfield and Aurora as to the Underlying Action.

10. Granting an award in favor of Plaintiff Travelers for the costs of suit incurred herein.

11. Granting such other and further relief as the Court may deem just and proper.


Dated: New York, New York
       September 28, 2022

                            RESPECTFULLY SUBMITTED:

                            PLAINTIFF
                            The Travelers Indemnity Company of America


                    By: __/s/Logan  A. Carducci_____
                            Logan A. Carducci
                            USERY AND ASSOCIATES
                            Attorneys for Plaintiff
                            Main:917-778-6680
                            Fax: 844-571-3789
                            Email: lcarducc@travelers.com

Please address all correspondence sent by mail to:
P.O. Box 2996
Hartford, CT 06104-2996

Physical Address:
485 Lexington Avenue, 7th Floor
New York NY 10017